STATE OF NEBRASKA, APPELLEE, V. ABE CLARK LYTLE,
APPELLANT.

398 N.W.2d 705

Filed January 2, 1987.   No. 86-491.

Abe Clark Lytle, pro se.

Robert M. Spire, Attorney General, and James H. Spears, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant appeals orders of the district court for Douglas County denying his request for postconviction relief and an evidentiary hearing thereon, and denying his motion for rehearing and to allow the filing of an amended petition. We affirm.

Following a jury trial in the district court, defendant was convicted of first degree murder arising out of a purse snatching and assault under the felony murder rule. He was sentenced to imprisonment for life. He appealed his conviction, which was affirmed in *State v. Lytle*, 194 Neb. 353, 231 N.W.2d 681 (1975).

Defendant on his own behalf filed a motion for postconviction relief alleging ineffective assistance of counsel. The district court refused to grant an evidentiary hearing and denied the motion. The defendant then moved for a rehearing and requested leave to file an amended petition. The court denied the motion. Defendant appeals.

The defendant contends that the district court abused its discretion when it (1) refused to grant an evidentiary hearing, (2) denied his motion for postconviction relief, and (3) denied his motion for a rehearing and leave to file an amended petition.

Referring to the first of the defendant's claims, it is well established that an evidentiary hearing on a motion for

postconviction relief is not required when the motion, files, and records of the case show that the defendant is not entitled to relief. *State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986). Although the defendant's petition is somewhat unclear, it appears he is claiming he was denied effective assistance of counsel for two reasons: first, defense counsel failed to make "faithful attempts at plea-negotiations"; and, second, counsel did not raise the issue of the defendant's illegal arrest until the direct appeal of the case to this court, thereby precluding review of that issue.

In denying an evidentiary hearing on the first of those claims of ineffective assistance of counsel, the district court ruled the defendant had not alleged sufficient specific facts to make a preliminary determination that a hearing was justified on that question. We agree.

An applicant proceeding under the Postconviction Act (Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985)) must allege facts amounting to a violation or infringement of constitutional rights, and the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. *State v. Bradford, supra.* When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. *State v. Fries, ante* p. 482, 398 N.W.2d 702 (1987); *State v. Meis,* 223 Neb. 935, 395 N.W.2d 509 (1986).

The essence of the defendant's allegation regarding defense counsel's failure to negotiate a plea is that, given the evidence against the defendant, the only way counsel could have conscientiously protected the defendant's interest would have been for counsel to have informed the defendant of the nature of the felony murder rule and the trial risks attendant thereto, and then to have negotiated a plea bargain with the prosecution. Such allegations are mere conclusions, not factual

allegations constituting an infringement of the defendant's right to effective assistance of counsel. As such, an evidentiary hearing on that issue was properly denied.

In denying an evidentiary hearing on the second of defendant's claims of ineffective assistance of counsel, the district court ruled that the issue of the legality of the defendant's arrest had already been reviewed on direct appeal and therefore could not be brought up again in the motion for postconviction relief. Again, we agree with the ruling of the district court.

Postconviction motions cannot be used to obtain a further review of issues already litigated. *State v. Evans, ante* p. 64, 395 N.W.2d 563 (1986). Although on direct appeal we determined that the issue of probable cause for the defendant's arrest was not raised in the district court and therefore not properly before us, we did go on to determine that probable cause for the arrest existed. *State v. Lytle*, 194 Neb. 353, 231 N.W.2d 681 (1975). Inasmuch as that issue was actually reviewed by this court, it cannot be the subject of an ineffective assistance of counsel claim in a subsequent motion for postconviction relief.

Because we agree that the district court properly denied an evidentiary hearing on the defendant's motion for postconviction relief in that the motion did not show the defendant was entitled to relief, it logically follows that we also approve of the district court's denial of the motion itself. Thus, the defendant's second contention of abuse of discretion on the part of the district court is without merit.

That brings us to the defendant's final contention—that the district court abused its discretion in denying the defendant's motion for a rehearing and for leave to file an amended complaint. The defendant submitted an affidavit supporting his motion in which he stated his amended complaint would show that (1) counsel's action led him to believe a plea negotiation was his sole option, (2) counsel led defendant's family to believe counsel was seeking plea negotiations, (3) counsel's actions before and during trial led defendant to believe that the State was pursuing a second degree murder charge, and (4) counsel's action and discussions with the

defendant's parents led them to believe that the defendant would be convicted of second degree murder. Considering this affidavit, the district court denied the defendant's motion for a rehearing and leave to file an amended petition.

Although defendant made his allegations of ineffective assistance of counsel more fact specific, he still failed to present any facts as to whether a plea negotiation was even possible given the facts in the case. Without this necessary showing of how the defendant was prejudiced by this omission of defense counsel, the defendant still had not presented the district court with a cognizable claim of ineffective assistance of counsel. As such, the district court properly denied the defendant's motion for a rehearing and leave to file an amended petition.

The judgment of the district court is affirmed.

AFFIRMED.