STATE OF NEBRASKA, APPELLEE, V. RUSSELL RUBEK, APPELLANT.
406 N.W.2d 130

Filed May 22, 1987.   No. 86-892.

Gregory A. Pivovar, for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Russell Rubek appeals from an order entered by the district court for Sarpy County, denying Rubek relief sought pursuant to the provisions of the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). Rubek was earlier convicted by a Sarpy County jury of attempted first degree sexual assault in violation of Neb. Rev. Stat. §§ 28-201 and 28-319(1)(a) (Reissue 1985) and assault in the third degree in violation of Neb. Rev. Stat. § 28-310 (Reissue 1985). He appealed that conviction to this court, and we affirmed. See *State v. Rubek*, 220 Neb. 537, 371 N.W.2d 115 (1985) (*Rubek I*).

In his present appeal to this court, Rubek maintains as his sole assignment of error that the district court erred in finding that he had failed to prove that his original trial counsel failed to perform as well as a lawyer with ordinary training and skill in criminal law or that he failed to conscientiously protect Rubek's interest. While his assignment of error fails to describe to us in meaningful detail how and in what way the district court erred, in his brief he maintains that his original trial counsel was ineffective for one or more of the following reasons: (1) He failed to introduce evidence of the fact that Rubek lived close to where he met the victim; (2) he refused to find an expert witness to prove that a man of Rubek's size and weight could not possibly have pulled the victim over the front seat of an automobile and assaulted her in the back seat, as it was alleged; and (3) he failed to offer surrebuttal evidence to counter the evidence offered by the State that the victim suffered substantial hair loss when she was allegedly pulled over the front seat by Rubek.

Rubek further maintains that his original trial counsel

ineffectively represented him because he failed to make appropriate motions and assign as errors to the Supreme Court in *Rubek I* the manner in which Rubek was charged and subsequently arraigned. Finally, Rubek maintains that his original trial counsel failed to effectively represent him because he did not object to the trial court's tendering to the jury an instruction on a lesser-included offense on its own motion. We shall address these matters in the order in which they have been raised.

Before considering the assignment of error in light of the evidence, we first note the rules of law applicable in cases of this nature. When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. See *State v. Lytle*, 224 Neb. 486, 398 N.W.2d 705 (1987). See, also, *State v. Fries*, 224 Neb. 482, 398 N.W.2d 702 (1987). Moreover, where one claims that the alleged ineffective assistance of counsel resulted in prejudice, the defendant must show that, but for the ineffective assistance of counsel, there is a reasonable probability that the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986). See, also, *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986). In an appeal involving a proceeding for postconviction relief, the lower court's findings will be upheld unless clearly erroneous. See *State v. Williams, supra*. Furthermore, the person seeking postconviction relief bears the burden of establishing the basis for relief. *State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986).

The facts of the case are set out in *Rubek I* and need not be here repeated in detail. Suffice it to say that the evidence supporting the claim that an attempted sexual assault was committed was overwhelming. The uncontradicted evidence

disclosed that following the attempted assault the victim ran down a hill in a cemetery where the automobile had been parked, bruising and scratching her legs and knees, climbed over a fence at the boundary of the cemetery, and ran to a nearby house. She rang the bell of the house, awoke the residents, and pleaded to be let into the dwelling. The residents of the house observed that the victim had bruises, injuries to her face, swelling of her eyes, and a cut on her lip, and was bleeding. They also saw that she was hysterical, screaming, frightened, and emotionally upset, and noted that she was wearing no pants or underwear and had only a jacket wrapped around her waist. Additionally, she was missing one boot. She reported that she had been assaulted. Her injuries were further observed by a Bellevue policeman who was called. The victim was then taken to the emergency room of Midlands Community Hospital, where she was given emergency care. The emergency room report put into evidence established that the victim had a large bruise on her chest area, incurred loss of feeling in her cheek, and had a cut requiring suturing in her pubic area, thought to be caused when she climbed over a fence while fleeing from Rubek. The evidence was inconsistent with Rubek's contention that the victim had voluntarily accompanied Rubek and removed her clothing in anticipation of consensual sexual intercourse.

Rubek's contention, therefore, that trial counsel was ineffective in failing to introduce testimony regarding how close his home was to the bar where he initially met the victim is of no merit. Such testimony would have been of little importance. Furthermore, his contention that his counsel failed to adequately represent him because he did not produce an expert witness who would testify that a man of Rubek's size could not possibly have pulled a person of the victim's size into the back seat of the car by the hair was of little significance. Such testimony, had it even been available, hardly can be said to have been sufficient to probably change the outcome of the case. The other evidence as to the victim's condition was simply overwhelming. Furthermore, Rubek produced no testimony at his postconviction evidentiary hearing that such an expert was available and could have been called to testify.

To the same extent, Rubek's contention that the original trial counsel was ineffective because he did not file a plea in abatement is without merit. The issue regarding the form of the information and the manner in which Rubek was arraigned was raised in the direct appeal and was rejected by this court. A motion for postconviction relief may not be used to obtain a further review of issues already litigated, and the mere fact that the issues are rephrased does not change that rule. See, *State v. Evans*, 224 Neb. 64, 395 N.W.2d 563 (1986); *State v. Lytle*, 224 Neb. 486, 398 N.W.2d 705 (1987).

This leaves Rubek's last contention, which is that trial counsel was ineffective because he failed to object to and assign as error the trial judge's tendering of an instruction on a lesser-included offense of third degree assault. The contention is without merit, because if the objection had been made it should have been overruled. In *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986), we held that a trial court can on its own motion instruct the jury on a lesser-included offense if the giving of the instruction is proper, and the fact that neither the prosecution nor the defense requests the instruction is of no significance.

Our review of the record leads us to the conclusion that none of Rubek's claims for postconviction relief had merit. Rubek has not sustained his burden imposed in postconviction cases. For that reason we find that the district court was correct in denying the relief. The decision is affirmed.

AFFIRMED.