STATE OF NEBRASKA, APPELLEE, V. LARRY PRIBIL, APPELLANT.
417 N.W.2d 786

Filed January 15, 1988.   No. 87-070.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and CORRIGAN, D.J., and COLWELL, D.J., Retired.

HASTINGS, C.J.

This is an appeal from a denial of postconviction relief by the district court, pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). Assigned as error is the failure of the trial court to grant an evidentiary hearing and the dismissing of the defendant's motion for postconviction relief. We affirm.

Defendant was convicted of the crime of attempt to commit an assault in the first degree, Neb. Rev. Stat. § 28-201 (Reissue 1985), as a lesser-included crime of the charged offense of assault in the first degree, Neb. Rev. Stat. § 28-308 (Reissue 1985), as disclosed in *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986). In that case, we held specifically that a trial court may instruct on a lesser-included offense over the objection of the defendant if the information or complaint charging the principal crime is such as to give the defendant notice that he or she could at the same time face the lesser-included offense charge, and disapproved language to the contrary contained in *McConnell v. State*, 77 Neb. 773, 110 N.W. 666 (1906).

In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless clearly erroneous. *State v. Rubek*, 225 Neb. 477, 406 N.W.2d 130 (1987). As a general principle, one seeking postconviction relief bears the burden of establishing the basis for such relief. *State v. Tully*, 226 Neb. 651, 413 N.W.2d 910 (1987).

In denying the request to hold an evidentiary hearing, the court stated that the matters raised in defendant's motion were the same questions raised on direct appeal to this court, all of which were decided adversely to the defendant, and the trial court further found that the files and records showed to its satisfaction that the defendant was not entitled to any relief. When the motion for postconviction relief and the files and records show that a defendant is not entitled to relief, no evidentiary hearing is required. *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987). Section 29-3001 regarding postconviction motions also allows for determination without a hearing: "A court may entertain and determine such motion . . . whether or not a hearing is held."

Defendant's motion for postconviction relief stated in substance that (1) the offense of assault in the first degree was submitted to the jury when there was no evidence to sustain it; (2) no definition of "substantial risk of" or "protracted loss or impairment of [bodily] function" was given to the jury; (3) the information failed to give the defendant adequate notice that the State intended to prosecute him for two lesser-included offenses; and (4) the trial court gave the jury the two lesser-included offense instructions without giving the defendant's counsel an opportunity to defend against those charges.

Reference to our opinion in *State v. Pribil, supra*, indicates that the two issues raised on direct appeal were:

(1) whether there was sufficient evidence of serious bodily injury to instruct the jury on first degree assault; and (2) whether it was proper for the district court to instruct the jury on the lesser-included offense of attempted first degree assault and third degree assault when the defendant had objected to the giving of those instructions.

*Id.* at 30, 395 N.W.2d at 546.

In the trial court, in the original proceedings, the jury was given the statutory description of "serious bodily injury," which includes the complained-of language "substantial risk of" or "protracted loss or impairment of [bodily] function," as contained in Neb. Rev. Stat. § 28-109(20) (Reissue 1985). We believe the language is self-explanatory. In any event, no

request for a more detailed definition was tendered to the court. Additionally, we determined that "[c]learly, from a description of the nature and extent of the injuries inflicted, there was presented to the jury a fact question on that issue [serious bodily injury]." *State v. Pribil*, 224 Neb. 28, 31, 395 N.W.2d 543, 546 (1986). A motion for postconviction relief cannot be used as a substitute for an appeal or to secure further review of issues already litigated. *State v. Rubek, supra.*

As to the claim that the information failed to give the defendant adequate notice of the State's intention to prosecute defendant for two lesser-included offenses, this was one of the two principal issues raised at the original trial, as set forth in *Pribil, supra.* We quoted with approval from *People v Chamblis*, 395 Mich. 408, 236 N.W.2d 473 (1975), that a trial judge may not instruct on lesser-included offenses " '*unless* the language of the charging document "be such as to give the defendant notice that he could at the same time face the lesser included offense charge". . . .' " (Emphasis supplied.) *State v. Pribil, supra* at 35, 395 N.W.2d at 549. We went on to hold in *Pribil, supra*, that it was not error for the trial court to instruct on the lesser-included offenses, over defendant's objection, which offenses were supported by the evidence and the pleadings. The issue of notice cannot again be raised in postconviction proceedings.

Although not specifically assigned as error, defendant seems to argue, under the general proposition that the trial court erred in dismissing his motion for postconviction relief, that his trial counsel was prevented from rendering effective assistance of counsel. Quoting from defendant's brief:

> And even if the law of the State of Nebraska permitted the court to give a lesser included offense over the defendant's objections, it is certain that the defendant's [trial] counsel was justified in believing that it did not. Effective assistance of counsel implies a time to prepare and a time to confer with the client [citations omitted]. The conference on instructions is late, very late, far too late to do either of those in any meaningful fashion.

Brief for Appellant at 15-16.

At the close of the State's case, discussion was had between

the court and counsel as to whether a lesser-included offense instruction would be given. That was around midmorning on October 31, 1985. Following that conference, defendant put on his case and rested, after which a recess was declared at 10:46 a.m., until 1:52 p.m. It was at the instruction conference held that afternoon that the court declared its intention to give the lesser-included offense instructions. Although defense counsel objected, he did not ask for leave to withdraw his rest and adduce further evidence consistent with a defense to attempted assault, which only would have required the defendant himself to testify that no assault occurred. This would not have prejudiced his claimed defense that the victim had not suffered "serious bodily injury."

If the failure to have the defendant testify was a part of trial strategy, the fact that such strategy proved unsuccessful would not sustain a finding of ineffectiveness of counsel. *State v. Fries*, 224 Neb. 482, 398 N.W.2d 702 (1987). Furthermore, the evidence of guilt in this case was so overwhelming as to result in no prejudice. See *State v. Rubek*, 225 Neb. 477, 406 N.W.2d 130 (1987).

In seeking postconviction relief, the defendant must show that there is a reasonable probability that but for the attorney's error the result would have been different. *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987). Even assuming counsel erred or was prevented by the court from providing effective assistance, neither of which we find, defendant has fallen far short of establishing a reasonable probability that but for either situation, the result would have been different.

The judgment of the district court is affirmed.

AFFIRMED.