STATE OF NEBRASKA, APPELLEE, V. JAMES M. PETITTE, APPELLANT.

421 N.W.2d 460

Filed April 1, 1988.    No. 87-733.

James M. Petitte, pro se.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.·

PER CURIAM.

James M. Petitte appeals from an order of the district court for Sarpy County, denying Petitte's second "Motion To Vacate And Set Aside Judgment And Sentence" filed pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). After reviewing the files and records in Petitte's case, the district court denied Petitte's motion without an evidentiary hearing because the grounds alleged were known and available at the time Petitte filed a previous motion for postconviction relief.

In 1982, pursuant to a plea agreement, Petitte pled guilty to charges contained in a multiple-count information, that is, robbing a convenience store and a restaurant in Sarpy County, Nebraska. As the result of Petitte's guilty pleas, the district court found Petitte guilty on each of the robbery charges. On February 9, 1982, after a presentence investigation, the district court sentenced Petitte to imprisonment for 10 years on the conviction for robbery alleged in the first count of the information and imprisonment for 5 to 15 years on the conviction for robbery alleged in the information's second count. The sentences ran consecutively. On direct appeal, the convictions and sentences were affirmed by this court without opinion in *State v. Petitte*, 212 Neb. xxiv (case No. 82-164, Sept. 22, 1982), where the assignments of error alleged only that the sentences were excessive.

On December 5, 1984, Petitte's first motion for postconviction relief was denied, and on January 2, 1985, counsel was appointed to represent Petitte in an appeal from such denial. On appeal the judgment of denial was affirmed pursuant to Neb. Ct. R. of Prac. 3B (rev. 1986). *State v. Petitte*, 219 Neb. xxv (case No. 85-015, May 2, 1985) (motion of court-appointed counsel for leave to withdraw appearance sustained; judgment affirmed).

On July 13, 1987, Petitte filed his second motion for postconviction relief, claiming that the grounds alleged therein were not available and known when he filed his first motion.

Among the grounds asserted in Petitte's second motion are: (1) violation of his right to due process and to effective assistance of counsel in that his trial counsel failed (a) to challenge prejudicial, incorrect, and inflammatory information contained in the presentence investigation report, and (b) to call certain witnesses on Petitte's behalf at the sentencing hearing; (2) violation of his privilege against self-incrimination; and (3) violation of his right to due process and a fair trial by virtue of the sentencing judge's consideration of other offenses for which Petitte was not charged. In denying Petitte's motion, the district court stated:

> Although there are bare allegations that the grounds for the relief sought were not available or known to the defendant at the time he filed his first motion for postconviction relief, all of the factual allegations contained in the motion, the files and records of this case, clearly show that each of the grounds alleged were known and available at the time the earlier postconviction relief was filed.

Generally, an evidentiary hearing on a motion for postconviction relief is not required when the files and records in a defendant's case show that the defendant is not entitled to such relief. *State v. Pribil*, 227 Neb. 397, 417 N.W.2d 786 (1988); *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988); *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987). Furthermore, one seeking postconviction relief has the burden to establish the basis for such relief. *State v. Pribil, supra*; *State v. Scholl, supra*; *State v. Rivers, supra*. "In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous." *State v. Williams*, 224 Neb. 114, 116, 396 N.W.2d 114, 116 (1986).

> A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal, or which were known to the defendant and counsel at the time of trial and which were capable of being raised, but were not raised, in the defendant's direct appeal.

*State v. Dillon*, 224 Neb. 503, 507, 398 N.W.2d 718, 720-21 (1987). See, also, *State v. Pribil, supra*; *State v. Rubek*, 225

Neb. 477, 406 N.W.2d 130 (1987) (mere fact that issues are rephrased does not change rule).

"A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion." *State v. Nance*, 227 Neb. 581, 584-85, 418 N.W.2d 598, 601 (1988). See, also, *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983); *State v. Reichel*, 187 Neb. 464, 191 N.W.2d 826 (1971).

In this case, before he was sentenced, Petitte had the opportunity to review the presentence investigation report under Neb. Rev. Stat. § 29-2261 (Reissue 1979) (now Reissue 1985). In a case where the presentence report concerning an appellant may be material on appeal, an appellant may examine that report pursuant to Neb. Ct. R. of Prac. 3A (rev. 1986). In the direct appeal of Petitte's conviction, Petitte's counsel stated that he had reviewed the report before sentencing was imposed and raised no objections. Any relevant question concerning the accuracy of the presentence report could have been litigated either in Petitte's direct appeal from his conviction, or, under appropriate circumstances, in the proceedings as the result of his first motion for postconviction relief. Likewise, the other grounds for relief set forth in Petitte's second motion, namely, violation of his privilege against self-incrimination and right to effective assistance of counsel, existed and could have been raised when Petitte filed his first motion. Although the judgment of Petitte's sentences and convictions was summarily affirmed by this court pursuant to rule 3B, and his first motion for postconviction relief was subsequently denied,

> relief granted pursuant to rule 3B constitutes the disposition of a direct appeal on its merits, for in such a case this court examines the entire record, not only to resolve those matters which are specifically called to its attention by counsel but also to determine whether any possible errors exist. Therefore, any matter which can be determined from the record on direct appeal is considered when ruling on a motion filed pursuant to rule 3B and is not subject to relitigation in an action brought pursuant to the Postconviction Act.

*State v. Bean*, 224 Neb. 278, 279, 398 N.W.2d 104, 107 (1986).

See, also, *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986).

Since the file and record in this case show that Petitte's motion to vacate and set aside his conviction does not raise matters entitling him to relief under the Postconviction Act, the district court properly denied Petitte's motion without an evidentiary hearing. See *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985).

AFFIRMED.