STATE OF NEBRASKA, APPELLEE, V. LARRY W. SCHNECKLOTH,
APPELLANT.

458 N.W.2d 185

Filed July 20, 1990.   No. 89-1171.

Larry W. Schneckloth, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Larry W. Schneckloth appeals from the district court's denial of postconviction relief under Nebraska's Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). Schneckloth,

contending that he was denied effective assistance of counsel in his direct appeal, *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981), claims that the district court should have held an evidentiary hearing on Schneckloth's motion for postconviction relief.

## STANDARD OF REVIEW

A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal, or which were known to the defendant and counsel at the time of trial and which were capable of being raised, but were not raised, in the defendant's direct appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985). In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Dillon*, 224 Neb. 503, 507, 398 N.W.2d 718, 720-21 (1987); *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989); *State v. Davis*, 228 Neb. 622, 423 N.W.2d 487 (1988).

As reflected in the direct appeal, *State v. Schneckloth, Koger, and Heathman, supra*, the State charged John Koger, Noel Heathman, and Schneckloth with kidnapping, see Neb. Rev. Stat. § 28-313(1) (Reissue 1989); first degree sexual assault, see Neb. Rev. Stat. § 28-319(1) (Reissue 1989); and using a firearm to commit a felony, see Neb. Rev. Stat. § 28-1205(1) (Reissue 1989), all of which were alleged to have occurred on February 27, 1980. Schneckloth was represented by the Douglas County public defender's office; Koger and Heathman were represented by privately retained counsel. Although the record does not contain information regarding the consolidation of the trials for Koger, Heathman, and Schneckloth, none disputes that, over Schneckloth's objection, the district court sustained the State's consolidation motion.

During trial, Koger and Heathman testified; Schneckloth declined to take the stand. The State subsequently presented a rebuttal witness to impeach testimony from Koger and Heathman. The rebuttal testimony incriminated Schneckloth and his codefendants. See *State v. Schneckloth, Koger, and Heathman, supra*. However, the court gave a limiting

instruction, admonishing the jury that the rebuttal witness' testimony should not be considered as evidence against Schneckloth. The jury found each defendant guilty as charged.

After trial, Schneckloth's lawyer filed a motion for new trial, alleging that the court erred in consolidating Schneckloth's case for trial with the cases of Heathman and Koger and erred in overruling Schneckloth's motion to sever his trial from the trials of Koger and Heathman. Schneckloth's lawyer also contended, among other things, that the trial court erred in the admission of testimony from the State's rebuttal witness. The trial court overruled Schneckloth's motion for new trial and sentenced Koger, Heathman, and Schneckloth each to life imprisonment for the kidnapping conviction, with a concurrent sentence of 8 to 10 years' imprisonment for the first degree sexual assault conviction, and also sentenced each defendant to a term of 3 to 5 years' imprisonment for the firearm conviction, a sentence which was consecutive to all other sentences imposed. See *State v. Schneckloth, Koger, and Heathman, supra.*

Koger, Heathman, and Schneckloth appealed their convictions and sentences, which appeals, with approval of counsel, were consolidated. In their direct appeal, Schneckloth, Heathman, and Koger were jointly represented by the Douglas County public defender's office. The sole assignment of error pertained to the sentences imposed for the kidnapping convictions. None of the errors alleged in Schneckloth's motion for new trial were assigned as errors in the direct appeal. This court affirmed the convictions and sentences of Koger, Heathman, and Schneckloth. See *State v. Schneckloth, Koger, and Heathman, supra.*

On August 8, 1989, pursuant to the Nebraska Postconviction Act, §§ 29-3001 et seq., Schneckloth filed a "Verified Motion to Vacate or Set Aside the Sentence," contending that he was denied his rights under both the U.S. and Nebraska Constitutions because he was not afforded conflict-free assistance of counsel in the direct appeal. Specifically, Schneckloth alleged that his lawyer in the direct appeal failed to provide Schneckloth with conflict-free assistance of counsel because appellate counsel (1) stipulated that the appeals of Koger, Heathman, and Schneckloth were consolidated for

purposes of appeal, resulting in a conflict of interest for Schneckloth's lawyer; (2) failed to provide Schneckloth with individual representation in the appeal; (3) failed to assign as error the questions set out in Schneckloth's motion for new trial; and (4) failed to request a transcript of the hearing on the motion to consolidate the trials of Koger, Heathman, and Schneckloth, when the transcript would have shown that Schneckloth had a defense which was antagonistic to the defense of Koger and Heathman. Schneckloth alleged that his appellate counsel's conduct resulted in denial of his constitutional rights of effective assistance of counsel and due process guaranteed under the 5th, 6th, and 14th amendments to the U.S. Constitution.

After reviewing the file and record in Schneckloth's case, the district court, without an evidentiary hearing, concluded that Schneckloth had failed to show that prejudice resulted from the appellate absence of an assignment of error regarding consolidation of Schneckloth's trial with his codefendants' and from consolidation of the three defendants' appeals. The district court remarked:

> Defendant fails to allege how he was prejudiced by consolidation of his trial with that of his codefendants other than to indicate that he was damaged by rebuttal evidence adduced at trial regarding the two codefendants. The file reflects that the jury was properly admonished that the rebuttal testimony was admissable [sic] against the two codefendants only and not against this defendant. Under these circumstances it is obvious that defendant's appellate counsel did not feel that this was a viable issue on appeal. Failure to pursue on appeal an invalid issue can hardly be evidence of incompetent counsel.
>
> Similarly defendant fails to show how he was prejudiced by consolidation of the appeals before the Supreme Court other than to state that there was a conflict of interest because the defense advanced by this defendant was different than that of his codefendants. Defendant's appellate counsel obviously determined that the issues of all three defendants on appeal were identical.

The district court denied Schneckloth's motion for

postconviction relief.

In his postconviction appeal, Schneckloth claims that (1) the two-part standard expressed by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is inapplicable to Schneckloth's claim that he was denied conflict-free assistance of counsel on appeal and that the standard set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), is the correct standard regarding a conflict of interest; (2) the district court should have held an evidentiary hearing; and (3) Schneckloth is entitled to the postconviction relief of a new direct appeal and court-appointed counsel. The gist of Schneckloth's argument is that, although he was represented by counsel independent from his codefendants at trial, appellate representation of all three codefendants by the public defender constituted a conflict of interest which denied Schneckloth effective assistance of counsel. Schneckloth argues that the public defender's joint representation of the three codefendants on appeal prevented assertion of the error that the trial court improperly allowed the rebuttal witness' testimony and that error occurred by the consolidation of the defendants' trials.

"In a proceeding under the Nebraska Postconviction Act, the movant, in custody under sentence, must allege facts which, if proved, constitute a denial or violation of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable." *State v. Start*, 229 Neb. 575, 577-78, 427 N.W.2d 800, 802 (1988).

If a defendant has the constitutional right to an attorney in the prosecution of an appeal, the defendant has the right to effective assistance of counsel in the appeal. *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988); *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). Our research has not disclosed any U.S. Supreme Court decisions expressing a standard for assessing a claim of ineffective assistance of appellate counsel, although the Supreme Court has stated that appellate counsel must support a defendant's appeal to the best of counsel's ability. See, *Evitts v. Lucey, supra*; *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). However, some courts have

held that a claim of ineffective assistance of appellate counsel is analogous to a claim of ineffective counsel at trial and is evaluated by the same standard used to assess the assistance of counsel at trial. *Gray v. Greer*, 800 F.2d 644 (7th Cir. 1986); *United States v. Birtle*, 792 F.2d 846 (9th Cir. 1986); *Downs v. Wainwright*, 476 So. 2d 654 (Fla. 1985); *Mato v. State*, 478 N.E.2d 57 (Ind. 1985).

Relying on *Strickland v. Washington, supra,* this court has stated:

> [T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. As used in the *Strickland* test, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." 466 U.S. at 494.

*State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988). See, also, *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989); *State v. Uwanaka*, 230 Neb. 808, 433 N.W.2d 540 (1989).

On the other hand, a standard different from the *Strickland* standard is employed when determining whether a convicted defendant has been denied the sixth amendment right to assistance of counsel as a result of a conflict of interest from representation of codefendants. "For effective assistance of counsel a defendant is constitutionally entitled to a lawyer's representation free from conflicting interests." *State v. Williams*, 224 Neb. 114, 119, 396 N.W.2d 114, 118 (1986); *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). In *State v. Turner, supra*, we examined the characteristics of a conflict of interest:

> A conflict of interest places a defense attorney in a situation inherently conducive to divided loyalties. . . . The phrase "conflict of interest" denotes a situation in

which regard for one duty tends to lead to disregard of another . . . where a lawyer's representation of one client is rendered less effective by reason of his representation of another client . . . or where it becomes a lawyer's duty on behalf of one client to contend for that which his duty to another client would require him to oppose . . . . A conflict of interest exists "whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." . . .

In criminal proceedings a defendant's right to effective counsel includes a lawyer's representation free from conflicting interests. . . .

However, a sole attorney's multiple representation of codefendants is not per se a violation of the constitutional guarantee of effective assistance of counsel. . . . "An 'attorney representing two defendants . . . is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial.' " . . .

" . . . .

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. . . .

" . . . Thus, a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. . . . But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. . . .

" . . . We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 346-50, 100 S. Ct. 1708, 64 L. Ed.

2d 333 (1980).

Further, as the U.S. Supreme Court expressed in *Strickland v. Washington*, 466 U.S. [668, 692], 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984): "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' " Citing *Cuyler v. Sullivan, supra*.

A conflict of interest must be actual rather than speculative or hypothetical before a conviction can be overturned on the ground of ineffective assistance of counsel.

(Citations omitted.) *State v. Turner, supra* at 131-33, 354 N.W.2d at 621-23.

In *State v. Williams, supra*, quoting language from *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), we stated:

"The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding. [Citations omitted.]

"Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt. See *Strickland v. Washington, post*, at 693-696 [citations omitted]." . . .

. . . .

As indicated in *Strickland v. Washington, supra*, a conflict of interest, per se, does not annihilate or frustrate a defendant's constitutional right to effective assistance of counsel, necessitating reversal of a judgment in a criminal case. However, there is a presumption of prejudice involving a defendant's constitutional right to effective assistance of counsel when a defendant demonstrates (1) counsel actively represented conflicting interests and (2) an actual conflict of interest adversely affected performance by the defendant's lawyer. Such conflicts of

interest must be shown to have resulted in counsel's conduct detrimental to the defense.

*State v. Williams*, 224 Neb. 114, 120, 122, 396 N.W.2d 114, 118-19 (1986).

Thus, a defendant alleging a denial of effective assistance of counsel as a result of a conflict of interest is not required to show prejudice because prejudice will be presumed by the demonstration that (1) defendant's lawyer actively represented conflicting interests and (2) the actual conflict of interest adversely affected the performance of defendant's lawyer. See *State v. Williams, supra.* However, a defendant alleging ineffective assistance of counsel without the conflict of interest element must show (1) a deficient performance by the defendant's lawyer and (2) prejudice to the defense by virtue of such deficient performance. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Schneckloth argues that rather than applying the standard expressed in *Strickland v. Washington, supra*, which includes a prejudice requirement, the proper standard is expressed in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), which does not contain a prejudice requirement. Schneckloth contends that the record submitted to the district court shows that the public defender had a conflict of interest by representation of all codefendants jointly, and, therefore, Schneckloth was presumptively denied effective assistance of counsel. Schneckloth further maintains that if he had had individual representation in his direct appeal, counsel would have assigned different errors, such as the admission of rebuttal testimony and consolidation of the trials and appeals.

What Schneckloth is actually contending is that he was denied the opportunity to present a defense antagonistic to his codefendants, Koger and Heathman, when the trial court refused to grant Schneckloth a separate trial. That contention is clearly without merit. The record establishes that Schneckloth was represented by individual counsel at trial, thus providing him an opportunity to present an antagonistic defense if that was his desire. However, this was not the strategy employed by Schneckloth's counsel at trial, and, as stated before, a defendant in a postconviction action cannot raise questions

which could have been raised on direct appeal. *State v. Dillon*, 224 Neb. 503, 398 N.W.2d 718 (1987). The issue of an antagonistic defense at trial is, therefore, determined by a claim of ineffective counsel at trial, whereas in the present appeal, Schneckloth argues only that his appellate counsel was ineffective.

Accordingly, we turn to the real issue before us: whether Schneckloth was denied conflict-free assistance of counsel in his direct appeal to this court by virtue of the public defender's joint representation of Koger, Heathman, and Schneckloth in their consolidated appeals. Under the standard for determining whether a defendant has been denied effective counsel on appeal, that is, the standard expressed in *Cuyler v. Sullivan, supra*, Schneckloth must demonstrate that (1) his appellate counsel actively represented conflicting interests and (2) this actual conflict of interest adversely affected appellate counsel's performance.

Schneckloth suggests that the public defender failed to assign as error the trial court's admission of the rebuttal testimony because such an argument would have prejudiced and conflicted with the interests of Schneckloth's codefendants, Koger and Heathman. However, the public defender's omission of an argument concerning the rebuttal testimony would not have conflicted with the interests or appellate positions of Koger and Heathman, would not have been antagonistic to any argument the public defender would have made on behalf of Koger and Heathman, and would not have affected the outcome of the appeals for Koger and Heathman. See *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). Similarly, any argument which the public defender could have made regarding severance of the trials for Koger, Heathman, and Schneckloth would not have worked to the detriment of any of the three defendants. In fact, such an argument concerning the rebuttal testimony would have benefited any, if not all, of the three codefendants. Consequently, Schneckloth has failed to show that the public defender actively represented any conflicting interests in the joint representation of Koger, Heathman, and Schneckloth. The clash of interest and antagonism necessary for a conflict of interest does not exist in Schneckloth's case.

Schneckloth has failed to establish an actual conflict of interest which adversely affected his lawyer's performance. There is no merit to Schneckloth's claim that he was deprived of effective assistance of counsel due to a conflict of interest on the part of his attorney.

Schneckloth contends that the district court erred in not holding an evidentiary hearing under the Nebraska Postconviction Act.

A court is not required to grant an evidentiary hearing on a motion for postconviction relief which alleges only conclusions of law or fact. *State v. Lytle*, 224 Neb. 486, 398 N.W.2d 705 (1987); *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983); *State v. Turner, supra*.

An evidentiary hearing is not required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleading of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable. *State v. Propst*, 228 Neb. 722, 424 N.W.2d 136 (1988); *State v. Petitte*, 228 Neb. 144, 421 N.W.2d 460 (1988); *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987); *State v. Lytle, supra*; *State v. Turner, supra*.

*State v. Start*, 229 Neb. 575, 578, 427 N.W.2d 800, 802-03 (1988). "[T]he defendant has the burden to present a record which shows counsel's deficient performance in representing the defendant." *State v. Uwanaka*, 230 Neb. 808, 809, 433 N.W.2d 540, 541 (1989).

Schneckloth has failed to demonstrate an actual conflict of interest, which is the basis of his postconviction motion, and the files and records in Schneckloth's case do not show a violation of his rights under the U.S. or Nebraska Constitutions. Under the circumstances, Schneckloth's motion neither factually nor legally alleges grounds for relief under the Nebraska Postconviction Act. The district court properly refused to grant

Schneckloth an evidentiary hearing and properly denied Schneckloth's request for postconviction relief. The judgment of the district court is affirmed.

AFFIRMED.