STATE OF NORTH CAROLINA v. GEORGE E. PAGE

No. 7414SC447

(Filed 17 July 1974)

1. Criminal Law § 75— admission of in-custody statements

The trial court did not err in the denial of defendant's motion to suppress evidence of statements made by defendant to the investigating officers where the court found from competent *voir dire* evidence that defendant made the statements freely, voluntarily and with understanding of his rights, including his right to counsel.

2. Criminal Law § 100— private prosecutor

The trial court in a homicide prosecution did not err in permitting privately employed counsel to assist the solicitor in the prosecution of the case.

**3. Criminal Law § 100— private prosecutor**

While the trial judge has discretion to permit private counsel to appear with the solicitor, the solicitor should not relinquish the duties of his office to such counsel but should remain in charge of and responsible for the prosecution. G.S. 7A-61.

**4. Criminal Law § 102— remarks of private prosecutor — absence of prejudice**

Defendant was not prejudiced by a statement of the private prosecutor that a witness's brother had just shaken his finger at the prosecutor in a threatening manner where the court instructed the jury that the prosecutor's remarks were not relevant to the question of defendant's guilt or innocence and should be disregarded, and the jurors stated, upon inquiry by the court, that such remarks would not influence their verdict.

APPEAL by defendant from *Canaday, Judge,* 5 November 1973 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals 28 May 1974.

Defendant was charged in a bill of indictment, proper in form, with the murder of Donald Meadows.

The State's evidence consisted primarily of statements made by defendant to the victim's father, to the victim's mother and stepfather, and to the investigating officers. Immediately after the homicide, defendant awakened the victim's father and said: "Get up, I have killed Donald." Shortly after the homicide, the victim's mother asked defendant why he killed her son, and defendant replied: "He is not the first one, he is my third one I have killed." Shortly after the homicide, defendant made statements to the victim's stepfather, who quoted him as follows: "Yes, I killed him. He is not my first one. He is my third one." Defendant also told the investigating officers that he and the victim had been arguing; that the victim threatened defendant, and defendant shot the victim with a shotgun. Defendant voluntarily turned the shotgun over to the officers.

The jury found defendant guilty of voluntary manslaughter, and judgment of imprisonment for a term of not less than 15 nor more than 20 years was entered. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Gruber, for the State.*

*Clayton, Myrick & McCain, by Robert W. Myrick, for the defendant.*

BROCK, Chief Judge.

[1]  Defendant assigns as error the denial of his motion to suppress the evidence of statements by defendant to the investigating officers. Defendant argues that he did not voluntarily and knowingly waive the presence of counsel at the interrogation. Defendant's argument seems to be more academic than practical. The statements made to members of the victim's family were clearly competent and probably more damaging to defendant than his statement to the officer. The statement to the officer tended to establish some modicum of justification for the shooting. Nevertheless, the trial judge conducted an extensive *voir dire* and found from competent evidence that defendant freely, voluntarily and with understanding of his rights, including his right to counsel, made the statements to the investigating officers. Such findings, when supported by competent evidence, will not be disturbed on appeal.

[2]  Defendant's primary assignment of error relates to the appearance of Mr. Blackwell M. Brogden, who was privately employed to assist the solicitor in the prosecution of the charge against defendant. Defendant moved to dismiss Mr. Brogden from appearing with the solicitor, and assigns as error the denial of his motion.

[3]  "The discretion vested in the trial judge to permit private counsel to appear with the solicitor has existed in our courts from their incipiency." *State v. Best,* 280 N.C. 413, 186 S.E. 2d 1. However, the solicitor should not relinquish the duties of his office to privately employed counsel. The solicitor should remain in charge of and responsible for the prosecution of criminal actions. G.S. 7A-61. Except for the most compelling reasons, the trial judge should not permit the solicitor to abdicate his duties and responsibilities in a criminal action and permit privately employed counsel to assume responsibility for the prosecution.

In this case, the solicitor called the case for trial, and arraigned the defendant. Absent a showing to the contrary, we assume that the solicitor remained in charge of the prosecution throughout the trial. However, we do note that Mr. Brogden examined each of the State's witnesses, cross-examined each of the defense witnesses, and made the only argument for the State to the jury. The difficulty experienced by the trial judge in keeping Mr. Brogden's examination and cross-examination

of witnesses within proper bounds occurred during the extensive *voir dire*. Therefore, the jury could not have been prejudiced against defendant by such questioning. The trial judge announced that he considered the questioning irrelevant and that he was not going to consider it for any purpose. Defendant has failed to show prejudice from the improper examination and cross-examination of witnesses by Mr. Brogden during the *voir dire*.

[4]  One further impropriety by Mr. Brogden merits discussion. At the close of cross-examination of the defense witness, William Thomas Jacobs, the following transpired:

> "MR. BROGDEN: I want to bring your attention to Mr. Pervis Jacobs back yonder in the back of the Courtroom point his finger at me and his brother is a witness just on the stand. The man right yonder in the yellow jacket shook his finger at me in a threatening manner, and I would like to be sworn to show it.
>
> "THE COURT: Now, just a minute.
>
> "MR. MYRICK: All of this would best be done out of the presence of the jury if Mr. Brogden is insisting on making a scene in the Courtroom.
>
> "THE COURT: I will hear that, Mr. Brogden, if you wish to pursue it, but not in open Court in the midst of this trial."

Thereafter, the trial judge instructed the jury that Mr. Brogden's remarks were not relevant to the question of guilt or innocence of the defendant and should be disregarded entirely. He then carefully questioned each juror to determine whether each could and would pass upon the evidence in the case, unaffected by Mr. Brogden's remarks. The jurors answered that the remarks would not in any way impair or prejudice defendant's case in their minds and would not in any way influence their consideration of a verdict in the case.

Although we concede that the remarks by Mr. Brogden were highly improper, we feel that the trial judge's instruction to the jurors and their responses erased all possible prejudice to defendant.

No error.

Judges CAMPBELL and BRITT concur.