**Wesley Irven JONES, Jr., Appellant,**

v.

**Jerry E. RICHARDS, Sheriff of Burke County, N.C.; Rufus L. Edmisten, Attorney General, State of North Carolina, Appellees.**

**No. 84–6392.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1985.

Decided Nov. 12, 1985.

Thomas G. Smith (W. Harold Mitchell, Mitchell, Teele, Blackwell, Mitchell & Smith, Valdese, N.C., on brief), for appellant.

Barry S. McNeill (Lacy H. Thornburg, Atty. Gen., Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C., on brief), for appellees.

Before MURNAGHAN, CHAPMAN and SNEEDEN, Circuit Judges.

CHAPMAN, Circuit Judge:

Appellant claims that his constitutional right to an impartial prosecutor in his state criminal trial was violated by the use of private attorneys retained by the victim's family to assist the state in his prosecution. Under the facts presented in this case, we find no constitutional right was impaired, and we affirm the denial of the petition for writ of habeas corpus.

I

On December 3, 1981, Wesley Irven Jones, Jr., was driving a bus which collided with a passenger vehicle in Burke County, North Carolina. An infant passenger in the automobile was killed, and several other passengers were injured. Jones was

charged with involuntary manslaughter, driving under the influence of alcohol, running a stop sign, exceeding a safe speed limit and transporting intoxicating beverages with a broken seal. The injured passengers in the automobile and the family of the deceased child employed a firm of attorneys in Morganton, North Carolina, to represent them in civil actions against Jones and his employer and also to assist the state district attorney in the prosecution of the criminal charges against Jones. The attorneys were paid on a time basis for assisting the prosecution and worked for a contingent fee in the civil actions.

The criminal charges against Jones first came before the District Court of Burke County for a probable cause hearing on the felony charge and a trial of the misdemeanors. Jones' attorneys approached the assistant district attorney in an effort to plea bargain the criminal charges prior to the trial in the District Court. The assistant district attorney advised that he could ordinarily handle such a proposition, but he could not plea bargain in this case because private prosecutors were planning to present the case. At the call of the trial calendar in the District Court, the privately retained attorneys advised the judge that they were employed as private prosecutors and with the court's permission would present the case. The case was continued for about one month, and during this time the private attorneys advised Jones' counsel that they had also been retained to file civil actions on behalf of the family of the deceased child and the injured passengers.

When the criminal action was tried in the District Court of Burke County, the private attorneys appeared for the state and presented the case. During the trial the assistant district attorney was not in the courtroom and left the prosecution to the privately retained attorneys. Defense counsel tried to negotiate a plea bargain during this trial and were referred by the assistant district attorney to the privately retained counsel, who in turn referred defense counsel back to the assistant district attorney. No plea bargain was forthcoming. Probable cause was found on the

involuntary manslaughter charge. Jones was found not guilty of speeding, but guilty of the remaining misdemeanor charges. The misdemeanor convictions were appealed to the Superior Court with the felony charge.

Prior to the trial in the Superior Court, defense attorneys wrote to the privately retained attorneys asking to discuss a plea bargain and were advised that they would have to discuss the matter with the district attorney. A plea did not result, and the case went to trial. Bruce McKinney of the district attorney's office appeared with the privately retained counsel in presenting the state's case. The state's witnesses were examined by private counsel, and the cross examination of defense witnesses was divided between private counsel and assistant district attorney McKinney. Two of the private attorneys argued to the jury, but only assistant district attorney McKinney argued the punishment issue. Jones was convicted of manslaughter, driving under the influence of intoxicating liquor, and running a stop sign upon a jury verdict returned on May 24, 1982, in the Superior Court for Burke County.

At the beginning of the trial, Jones' attorneys objected to the case being presented by private prosecutors, but cited no authority for this position. Following the jury verdict, defense attorneys moved to set aside the judgment of conviction because the case had been prosecuted by private attorneys and cited *Ganger v. Peyton*, 379 F.2d 709 (4th Cir.1967).

Prior to the trial in Superior Court the privately retained attorneys submitted interrogatories to Jones and conducted discovery in the civil actions. In December 1983 the civil actions were settled.

The criminal conviction was affirmed on appeal and the Supreme Court of North Carolina denied review. The appellant's petition for writ of habeas corpus was denied by the United States District Court, which found that there was no evidence that the civil discovery yielded any privileged information used in the prosecution

of the criminal action; that the district attorney did not relinquish any control of this case to Mothers Against Drunk Driving (MADD); and that while the district attorney's office maintained control of the prosecution at the Superior Court level, it had improperly relinquished control of the proceedings at the District Court level. The error, however, was found to be harmless because of the *de novo* trial in the Superior Court during which the district attorney retained control of the case. The United States district judge also found that there was no evidence that the fee in the criminal action was contingent upon success in either the criminal or the civil suits but was based upon an hourly charge.

## II

Appellant contends that he was denied due process in his criminal trial in violation of the fourteenth amendment to the United States Constitution because of the simultaneous involvement of private attorneys as prosecutors in his criminal trial and as plaintiff's attorneys in the civil suits filed against him arising out of the traffic accident which produced both the criminal charges and the civil actions. He asserts that this dual involvement created a conflict of interest and prevented him from receiving the fundamentally fair trial, with an impartial prosecutor, to which he was entitled. He relies primarily upon *Ganger v. Peyton, supra.* The facts in *Ganger* are quite different, and we find it to be inapplicable to the present case. In *Ganger* the Commonwealth's attorney who prosecuted Ganger in his criminal case was at the same time representing Ganger's wife in a divorce proceeding. In the criminal action, Ganger was charged with assault upon his wife and was convicted. He petitioned for a writ of habeas corpus, and he testified that the prosecuting attorney offered to drop the assault charge if Ganger would make a favorable property settlement in the divorce action. We found that Ganger's prosecutor "was not in a position to exercise fair-minded judgment with respect to (1) whether to decline to prosecute, (2) whether to reduce the charge to a lesser degree of assault, or (3) whether to recommend a suspended sentence or other clemency." *Ganger,* at 713 (footnote omitted).

In *Ganger* the criminal prosecution was under the direction and control of the Commonwealth attorney, who was attempting to use his position in the criminal action to coerce Ganger into settling the divorce action. In the present action, the attorneys had a financial interest in the outcome of the civil actions, but there is no evidence that they attempted to use their position as privately retained prosecuting attorneys to exact a more generous settlement of the civil actions. The District Court has found as a fact that the district attorney's office retained control of the prosecution in the state Superior Court.

In *Ganger* we pointed out the necessity for the fair minded exercise of the prosecutor's discretion, including his options of whether to seek indictment, upon what charge, whether to plea bargain, and the possibility of a nol pros, particularly in domestic relations matters. In the present action, the state district attorney's office decided to seek an indictment and set forth the charges. Although the proceedings in the state District Court were defective because the assistant district attorney relinquished control of the case to the privately retained attorneys, this situation was corrected in the state Superior Court where the criminal defendant was provided with a trial *de novo,* and this prosecution was under the control of the assistant district attorney. This control by the state included whether to plea bargain, and only the assistant district attorney argued the question of a proper sentence.

Appellant contends that the private attorneys insisted upon the criminal trial to create media publicity to influence future jurors. The trial did produce considerable media coverage, but this would be expected in the prosecution of a bus driver charged with a traffic fatality arising out of his operation of his company's bus while under the influence of intoxicants. The civil case never went to trial and was settled eigh-

teen months after the criminal action so that any media publicity would have dissipated prior to settlement. Jones contends that the private prosecutors wanted to have him incarcerated so as to raise the value of their civil case. If Jones had plea bargained and admitted to a criminal offense, this admission may have been admissible against him in the civil proceeding, while a guilty verdict upon a plea of not guilty would probably have been excluded.

In North Carolina the use of private attorneys to assist the state in the prosecution of criminal cases "has existed in our courts from their incipiency," *State v. Best*, 280 N.C. 413, 186 S.E.2d 1, 3 (1972), and such use in a particular case is committed to the discretion of the trial judge. *State v. Lippard*, 223 N.C. 167, 25 S.E.2d 594, 599, *cert. denied*, 320 U.S. 749, 64 S.Ct. 52, 88 L.Ed. 445 (1943). However, when private attorneys are employed, the district attorney must remain in charge of and be responsible for the prosecution. *State v. Page*, 22 N.C.App. 435, 206 S.E.2d 771, 772 *cert. denied*, 285 N.C. 763, 209 S.E.2d 287 (1974).

There is also an opinion of the North Carolina State Bar which recognizes and does not condemn the practice used in this case. Ethics Opinion 595 of the North Carolina State Bar provides:

> It is ethical for an attorney who has represented the private prosecution in a criminal action growing out of an automobile collision to later represent the same party in a civil action for damages growing out of the same collision.

The thrust of *Ganger* is that the criminal defendant is entitled to an impartial prosecutor, who can make an unbiased use of all the options available to the prosecutor's office. In the present case, the state prosecutor retained control of the case, participated in the trial and retained all of his options. While we think that the use of private prosecutors who are also representing plaintiffs in civil actions against the criminal defendant should be discouraged, we do not find that such use in the present case violated the constitutional rights of the appellant, and we affirm.

AFFIRMED.