**Jack Edward NEWMAN, Appellant,**

v.

**Gerald T. FREY, Appellee.**

**No. 88–2155.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1989.

Decided April 28, 1989.

Daniel O. Herrington, Kansas City, Mo., for appellant.

Stephen D. Hawke, AAG, Jefferson City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.

FAGG, Circuit Judge.

Jack Edward Newman, a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Newman seeks habeas corpus relief based on a claimed appearance of impropriety by one of the prosecutors at his trial. We affirm.

A Missouri jury convicted Newman of first-degree murder. *See* Mo.Rev.Stat. § 565.003 (1978) (repealed 1984). One of the prosecutors who assisted at Newman's trial was a friend of the murder victim. This prosecutor had represented the victim's family and business in civil legal matters, but none of these matters involved Newman. On state law grounds, Newman moved to disqualify the prosecutor. The state trial court overruled the motion and,

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western

at the trial's conclusion, stated the prosecutor had done nothing to make Newman's trial unfair.

On direct appeal, the Missouri Supreme Court rejected Newman's argument that the trial court should have disqualified the prosecutor. *State v. Newman,* 605 S.W.2d 781, 787–88 (Mo.1980). Newman then filed a motion for postconviction relief. *See* Mo. Sup.Ct.R. 27.26 (repealed 1988). In the motion, Newman claimed the prosecutor's participation violated the fifth and fourteenth amendments. The court rejected this claim on the merits. Although Newman appealed other aspects of the postconviction decision, he failed to pursue this claim. *See Newman v. State,* 669 S.W.2d 617, 618–19 (Mo.Ct.App.1984). The federal district court later denied Newman's habeas corpus petition that raised the same claim.

On appeal, Newman argues the prosecutor's relationship with the victim created an appearance of impropriety in violation of due process. We believe Newman's failure to pursue this claim in the postconviction appeal creates a procedural bar to federal habeas corpus review. *See Gilmore v. Armontrout,* 861 F.2d 1061, 1065 & n. 9 (8th Cir.1988); *Stokes v. Armontrout,* 851 F.2d 1085, 1092 (8th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). *But see Gilmore v. Armontrout,* 867 F.2d 1179, 1180 n. 1 (8th Cir.1989) (Lay, C.J., dissenting from Order Denying Petition for Rehearing En Banc). To overcome the procedural bar, Newman must show both cause for his default and actual prejudice resulting from the asserted constitutional error. *See Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); *Gilmore,* 861 F.2d at 1065–66. Newman makes no effort to satisfy this test.

In any event, Newman's claim does not warrant federal habeas corpus relief. This court's review of claimed due process violations in a state court proceeding is narrow. *Hamilton v. Nix,* 809 F.2d

District of Pennsylvania, sitting by designation.

463, 470 & n. 4 (8th Cir.) (en banc), *cert. denied,* 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987). We will grant relief only if a prosecutor's misconduct affects the fairness of the trial. *Id.* at 470; *see Smith v. Phillips,* 455 U.S. 209, 218–21, 102 S.Ct. 940, 946–48, 71 L.Ed.2d 78 (1982); *id.* at 219, 102 S.Ct. at 947 (Rather than " 'the appearance of justice,' * * * the touchstone of due process analysis in cases of [claimed] prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.") (quoted citation omitted).

For support, Newman relies heavily on *Ganger v. Peyton,* 379 F.2d 709 (4th Cir. 1967). In *Ganger,* the court concluded a state conviction for assault violated due process when the prosecutor also represented the assault victim in a civil suit against the defendant. *Id.* at 714. The prosecutor there used his authority to gain an advantage in the civil suit. *Id.* at 711–12. Newman does not suggest the prosecutor's relationship with the murder victim led to any misconduct. Thus, *Ganger* is not applicable here. *See Jones v. Richards,* 776 F.2d 1244, 1246–47 (4th Cir.1985) (distinguishing *Ganger* in absence of dual representation); *Wright v. United States,* 732 F.2d 1048, 1057–58 (2d Cir.1984) (same), *cert. denied,* 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985).

Newman acknowledges, as he must, the state court findings that the prosecutor's relationship with the victim did not deprive him of a fair trial in any respect. As a result, federal habeas corpus relief is unwarranted. *See Hamilton,* 809 F.2d at 470.

Affirmed.