Jewell WILLIAMSON, Appellant,

v.

Jim JONES, Appellee.

No. 90–1093.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided June 20, 1991.

Rehearing Denied Aug. 5, 1991.

Matthew Geekie, St. Louis, for appellant.

Melissa Manda, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and STUART,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

Jewell Williamson appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri, adopting the report and recommendations of the United States Magistrate Judge[2] to deny his petition for a writ of habeas corpus. 28 U.S.C. § 2254 (1982). For reversal, appellant argues that (1) the evidence supporting his conviction for murder in the second degree was insufficient, (2) the state trial court failed to instruct the jury on his defense of excusable homicide, (3) the state trial court's instruction on second degree murder incorrectly stated Missouri law, (4) his trial counsel was ineffective, (5) the trial court incorrectly applied the Missouri second degree murder statute by failing to set a minimum time limit, and (6) the state trial court improperly permitted the prosecution to draw inferences from appellant's alleged failure to tell the police all of the relevant facts. For the reasons discussed below, we affirm the order of the district court.

## PROCEDURAL HISTORY

Following a jury trial, appellant was convicted of murder in the second degree, pursuant to Mo.Rev.Stat. § 565.004 (1978), and thereafter sentenced to thirty years imprisonment. On appeal, his conviction was affirmed. *State v. Williamson*, 657 S.W.2d 311 (Mo.Ct.App.1983). Appellant filed a federal habeas petition with the United States District Court, which was dismissed without prejudice because it contained exhausted and unexhausted claims, in contravention of the "total exhaustion" rule dictated by *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). *United States ex rel. Williamson v. Ar-*

*montrout*, No. 84–1108–C(4) (E.D.Mo. Aug. 28, 1984).

Appellant then filed a petition seeking post-conviction relief pursuant to Mo.Sup. Ct.R. 27.26 (repealed 1988) ("Rule 27.26"). Appellant asserts that, after the state trial court denied the Rule 27.26 petition, his post-conviction counsel informed him that she would seek to secure rulings from the state appellate court on all of the claims that he now alleges. To the contrary, the Missouri Court of Appeals decision notes only one claim of ineffective assistance of counsel, and that was founded upon the failure of trial counsel to call the medical examiner as a witness and to examine his report. *Williamson v. State*, 743 S.W.2d 552 (Mo.Ct.App.1987). Thereafter, appellant filed his second petition for habeas relief.

## SUFFICIENCY OF THE EVIDENCE

On January 17, 1981, James Treacy, the victim, and Raymond Franklyn were passengers in an automobile being operated by Steve Eckenrod. Franklyn sat on the right side of the rear seat, immediately behind Treacy who sat on the front passenger seat. As Eckenrod traveled north on Lucas and Hunt Road, a car exited Interstate 70 at a high rate of speed. The car, which was being operated by appellant, failed to yield the right of way and nearly collided with the Eckenrod automobile. By swerving, Eckenrod was able to avoid a collision. Appellant then pulled his car parallel to the passenger side of the Eckenrod car. After Treacy observed that appellant had rolled down his window, he rolled down his, and according to the trial testimony, appellant asked him, "Do you have a problem, boy?" In response, Treacy said, "Yes ... I'll shove this f___ beer bottle up your a___...." Franklyn testified that he observed appellant look straight, turn to his left to look at Treacy, point a revolver and fire. He further testified that appellant

---

[*] The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

[1.] The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

[2.] The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

appeared to have gritted his teeth and to have been angry. Eckenrod testified that Treacy neither moved his arms nor made any menacing gestures toward appellant prior to being shot. He also stated that he saw appellant reach over in his car, produce a pistol, give a mean look, fix his eyes on Treacy's chest, take aim and fire. Appellant fled after firing the shot, and Treacy died as a result of the gunshot wound.

The police traced appellant by his license plate number and went to his apartment the next day. Initially, appellant denied being near the scene of the incident and said that he had no weapons. After receiving appellant's permission to search his apartment, the police found a .22 caliber revolver hidden behind the foam covering of a stereo speaker. Firearm identification tests confirmed that the .22 caliber revolver was the gun that fired the bullet that took Treacy's life. Subsequently, at a tape recorded interview at the police station, appellant admitted firing the gun and shooting at the Eckenrod car.

In support of his contention that there was insufficient evidence to support the verdict, appellant argues that there was no evidence to prove that he intended to shoot anyone, because the only evidence of his intent was his own testimony to the effect that the gun was fired accidentally. The state argues, however, that such intent can be presumed from appellant's conduct and inferred from the testimony given by Franklyn and Eckenrod.

Our review of appellant's claim of insufficient evidence is controlled by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1978) (*Jackson*). In *Jackson*, the Supreme Court held that the sufficiency of the evidence supporting a conviction is cognizable as a federal constitutional claim under § 2254. *Id.* at 321, 99 S.Ct. at 2790. To challenge a conviction on such grounds, the petitioner must demonstrate that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324, 99 S.Ct. at 2792. We adopted this standard in *Davis v. Campbell*, 608 F.2d 317 (8th Cir.1979).

The magistrate judge applied the *Jackson* standard of review and the statutory presumption of correctness with respect to appellant's claim of insufficiency of the evidence to sustain the conviction. Based upon the findings of the Missouri Court of Appeals, the magistrate judge independently concluded:

> The direct and circumstantial evidence that the state presented at trial, viewed in the light most favorable to the prosecution, is clearly sufficient for a rational trier of fact to find beyond a reasonable doubt that the petitioner possessed the requisite mental elements at the time of the offense. Therefore, petitioner is not entitled to relief on his first federal habeas ground.

*Williamson v. Jones*, No. 88–1460 C(6), slip op. at 13 (E.D.Mo. Mar. 10, 1989) (Magistrate's Report and Recommendation).

We agree that the *Jackson* standard is met in this case. To obtain a conviction for murder in the second degree, the state had to prove that appellant possessed the requisite intent elements of premeditation and malice. *State v. Williamson*, 657 S.W.2d at 312. Premeditation need exist but for a moment only. Malice may constitutionally be presumed from a killing accomplished by the use of a deadly weapon upon a vital part of the body. A presumption of an intent to kill is also present where such a killing takes place. Furthermore, evidence of flight or attempted concealment may be considered by the jury as evidence tending to show a consciousness of guilt. Finally, these mental elements may be proven by circumstantial evidence. *See State v. Gilmore*, 661 S.W.2d 519, 525 (Mo.1983) (banc), *cert. denied*, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).

While it is true that appellant testified at trial that he grabbed the revolver off the car seat in self-defense, and that the gun discharged accidentally, nonetheless we hold the evidence was sufficient to support the jury's finding that appellant willfully, with premeditation and malice aforethought, shot and killed the victim. Furthermore, the jury was entitled to

disbelieve appellant's version of the incident and to find that the killing was not justifiable. Therefore, we conclude that the evidence presented at trial, viewed in the light most favorable to the prosecution, is clearly sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant possessed the requisite mental elements at the time of the offense.

## EXCUSABLE HOMICIDE INSTRUCTIONS

 Appellant next argues that the state trial court improperly failed to instruct the jury on "excusable homicide" under Missouri Approved Instructions, MAI–CR2d 2.28 (1984). The Missouri Court of Appeals addressed this ground for relief in appellant's direct appeal and found it to be without merit. Specifically, the state appellate court found that, not only did appellant fail to request an instruction on excusable homicide during the course of the trial, but also failed to raise the issue in his motion for a new trial, contrary to Rule 29.11(d) of the Missouri Rules of Criminal Procedure. *State v. Williamson,* 657 S.W.2d at 313. Appellant also failed to set out the instruction in full in the argument portion of his brief. *See* Mo.R.Crim.P. 30.-06(e) (Vernon 1981). Therefore, the Missouri Court of Appeals found that nothing was preserved for review. Nevertheless, the state appellate court did consider the failure to instruct as to excusable homicide as plain error under Rule 29.12(b) of the Missouri Rules of Criminal Procedure,[3] but found no manifest injustice or miscarriage of justice. *State v. Williamson,* 657 S.W.2d at 313.

A state court's interpretation of state law is binding upon a federal court in a habeas proceeding. *Williams v. Armontrout,* 877 F.2d 1376, 1383 (8th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1044 (1990). Furthermore, the findings of the state court, to the effect that there was insufficient evidence to warrant a jury instruction on excusable

homicide, are fairly supported by the record and are presumed correct. *See Wainwright v. Goode,* 464 U.S. 78, 85, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983). Consequently, we agree with the district court that appellant's claim that the state trial court erred in failing to instruct on excusable homicide is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his third point on appeal, appellant contends that he was denied effective assistance of counsel because his trial counsel failed to present to the jury the victim's autopsy report and the testimony of the medical examiner or any other member of the medical examiner's staff who conducted the autopsy. The state counters that appellant was not denied the effective assistance of counsel because his trial counsel investigated the evidence and reasonably decided not to offer the evidence at trial. Moreover, the state submits that the decision of appellant's trial counsel not to introduce this autopsy evidence in no way prejudiced his defense.

 In reviewing a sixth amendment ineffective assistance of counsel claim, the federal court uses the two-pronged standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*Strickland*). In order to establish a claim of ineffective assistance of counsel, the petitioner must demonstrate first, that counsel's performance was deficient, and second, that the deficient performance prejudiced his or her defense. *Id.* at 687, 104 S.Ct. at 2064.

With respect to the performance prong of the *Strickland* analysis, the proper standard for judging an attorney's performance is that of "reasonably effective assistance," considering all the circumstances. *Id.* at 687–88, 104 S.Ct. at 2064–65. We also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. The proper stan-

---

**3.** Rule 29.12(b) states: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that

manifest injustice or miscarriage of justice has resulted therefrom." Mo.R.Crim.P. 29.12(b) (Vernon 1981).

dard for the required showing of prejudice, the second prong under *Strickland*, requires that petitioners demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the trial]." *Id.* "There is a 'wide range' of reasonable professional assistance. A court must avoid second-guessing trial strategy. Accordingly, [the petitioner] must overcome a 'strong presumption' that his [or her] counsel's actions constituted reasonable trial strategy under the circumstances." *Sanders v. Trickey*, 875 F.2d 205, 207–08 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989).

 We note that appellant appears to be arguing that the introduction of the autopsy results would have supported his theory of defense that the gun discharged accidentally. The Missouri Court of Appeals, in dealing with this specific issue, found that, at the evidentiary hearing, trial counsel testified that in his opinion neither the medical examiner nor the autopsy report would have helped appellant prove accident or self-defense. *Williamson v. State*, 743 S.W.2d at 552. It further found that appellant testified that he "left all of the trial strategy up to [his] attorney." *Id.* We also note that trial counsel's testimony demonstrated that he reviewed the victim's autopsy report and interviewed the medical examiner. He further testified that, in his experience, the testimony of a medical examiner is frequently rather gruesome and prejudicial to the defense. Therefore, trial counsel believed it was beneficial to appellant's defense that the state did not call the medical examiner to testify. Moreover, according to trial counsel, there was certainly nothing in the medical examiner's report that he considered helpful to the defense.

Finally, trial counsel testified that this particular case was not one in which the nuances of the angle of the bullet's entry would have made a difference.

We agree with the district court that trial counsel not only investigated the autopsy evidence, but also reasonably concluded, based upon his experience, that the autopsy evidence would have been prejudicial to appellant's defense. Therefore, we hold that the strategic decisions of counsel in the instant case were not deficient. In addition, we note that appellant has failed to offer any evidence to show some probability that, but for trial counsel's conduct, the result of his trial would be different.

## PROCEDURAL DEFAULT

Appellant further asserts that the district court erred in denying his petition for habeas corpus relief because (1) he was denied effective assistance of counsel due to his trial counsel's failure to cross-examine Officer Stafford; (2) the state trial court abrogated the legislative prerogative of enacting maximum prison sentences by instructing the jury that the maximum sentence for second-degree murder was life imprisonment, despite a lack of any limit in the appropriate statute;[4] and (3) the prosecutor made impermissible references to appellant's decision to remain silent at the time of arrest.[5] We hold that consideration of these claims is barred by procedural default. We further hold that appellant has failed to demonstrate "cause" or "actual prejudice" necessary to excuse his procedural default.

Ordinarily, a federal court reviewing a state conviction in a habeas proceeding may consider only those claims that the petitioner has presented to the state court in accordance with state procedural rules. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir.1988), *cert. denied*, 490 U.S.

---

**4.** Specifically, appellant contends that, although Mo.Rev.Stat. § 565.008.2 (repealed 1983) provides a minimum prison sentence of ten years, the legislature failed to provide a maximum time limit on prison sentences for second degree murder convictions.

**5.** Appellant also asserts in his brief on appeal that the state trial court improperly instructed the jury as to the elements of murder in the second degree. This claim is procedurally barred because it is raised for the first time in this court.

1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). Similarly, the petitioner's failure to pursue his or her claim in a state post-conviction appeal results in a procedural bar to federal habeas corpus relief. *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989), *stay denied*, —— U.S. ——, 110 S.Ct. 1880, 109 L.Ed.2d 325 (1990); *Newman v. Frey*, 873 F.2d 1092, 1093 (8th Cir.1989); *Byrd v. Armontrout*, 686 F.Supp. 743, 753–54 (E.D.Mo.1988), *aff'd*, 880 F.2d 1 (8th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 1326 (1990). This implicates both the issue of whether appellant has exhausted his state court remedies and whether appellant has preserved his claim by complying with state procedural rules regarding their presentation. *See Gilmore v. Armontrout*, 861 F.2d at 1065.

Federal habeas review may still be available, however, if the petitioner can show "cause" and "actual prejudice" to excuse the procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977); *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988). In the present case, the magistrate judge noted that it is apparent from the record that the state appellate courts were denied the opportunity to consider nine of appellant's asserted grounds for federal habeas relief. Although appellant raised several grounds to the Rule 27.26 motion court, including the three grounds set out above, appellant failed to raise them on appeal of the denial of his Rule 27.26 motion. After the magistrate judge determined that there were no currently available, non-futile state remedies available to appellant, he then analyzed whether appellant had demonstrated adequate cause and actual prejudice, *citing Smittie v. Lockhart*, 843 F.2d at 296. The magistrate judge found appellant's asserted causes insufficient and thus determined that his claims were procedurally barred.

We agree that the following claims, asserted by appellant in his Rule 27.26 motion, are procedurally barred: (1) appellant was denied his right to effective assistance of counsel because his trial counsel failed to cross-examine a lay witness as to his qualifications to testify to certain medical terms; (2) appellant was indicted in violation of Mo.Rev.Stat. §§ 565.020 and 565.-008.2; and (3) appellant was denied his constitutional rights because the prosecutor impermissibly asked the jury to draw an inference of guilt from his constitutionally protected silence. None of these three claims was raised by appellant in his appeal from the denial of his Rule 27.26 motion. *See Williamson v. State*, 743 S.W.2d at 552.

In order to excuse his procedural default, appellant argues that the "cause" of his failure to appeal these grounds was the failure of his post-conviction counsel to recognize and pursue them. Ineffective assistance of post-conviction counsel can establish cause to excuse a procedural default; however, mere allegations on appeal of ineffective assistance of post-conviction counsel are insufficient. *See Simmons v. Lockhart*, 915 F.2d 372, 376 (8th Cir.1990).

Here, appellant has not even attempted to show that the performance of his post-conviction counsel was professionally unreasonable, as required under the first prong of *Strickland*. *See* 466 U.S. at 697, 104 S.Ct. at 2069. Nor has he alleged that there is a reasonable probability that the outcome would be different if the claims had been appealed. *See Stokes v. Armontrout*, 851 F.2d 1085, 1092–93 (8th Cir. 1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). Finally, appellant made no record of his dissatisfaction with his post-conviction counsel with the Rule 27.26 motion court; nor did he express a desire to present evidence of his constitutional claims or to assert all of the Rule 27.26 issues on appeal. Therefore, on the basis of this record, we hold appellant was not denied effective legal assistance during his post-conviction proceedings and thus did not establish cause to excuse his procedural default.

Having reviewed and considered all of appellant's allegations of error, we conclude on the basis of the entire record that the decision of the district court denying habeas relief was correct.

Accordingly, we affirm the order of the district court.