**William J. BAKER, Appellant,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary; Roger Tellinghuisen, Attorney General, State of South Dakota, Appellees.**

**No. 91–1078.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1992.

Decided June 2, 1992.

658

John A. Schlimgen, Sioux Falls, S.D., argued, for appellant.

Craig M. Eichstadt, Pierre, S.D., argued (Mark Barnett, on the brief), for appellees.

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

PER CURIAM.

William J. Baker appeals from the final judgment entered in the District Court[1] for the District of South Dakota dismissing with prejudice his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. For reversal Baker argues the district court erred in holding that a jury

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

instruction did not impermissibly shift to him the burden of proving insanity by clear and convincing evidence. For the reasons discussed below, we affirm the judgment of the district court.

Baker assaulted a security guard at the acute psychiatric ward of a hospital. A jury found Baker guilty but mentally ill (GBMI) on two counts of aggravated assault and adjudged him to be an habitual offender. The South Dakota Supreme Court affirmed in part, reversed in part and remanded the case to the trial court for resentencing. *State v. Baker*, 440 N.W.2d 284 (S.D.1989). The court determined sua sponte that Baker had been unconstitutionally sentenced under each of the two counts. *Id.* at 293.

The court rejected Baker's argument that the GBMI statute violated his due process, equal protection, and Eighth Amendment rights. *Id.* at 288–90. The court reviewed for plain error the jury instructions given on the GBMI verdict and the insanity defense. *Id.* at 291. The court determined that a 1985 amendment to substantive state law, making insanity an affirmative defense and establishing a clear and convincing burden of proof, was effective months before Baker committed his crime and could be applied to him without violating the ex post facto clause. *Id.* at 292. The court also held that a 1986 amendment to the GBMI verdict statute, S.D. Codified Laws Ann. § 23A–26–14 (1988), which became effective after the date of Baker's offense, was procedural in nature and could be applied retroactively. *Id.* Thus, the court held the jury instructions properly placed the burden on Baker to prove insanity by clear and convincing evidence. *Id.*

Baker renewed his claims in this pro se habeas petition, and the district court denied the petition with prejudice without requiring the State to answer. The district court held that the GBMI statute did not

violate Baker's due process, equal protection, or Eighth Amendment rights. *Baker v. Leapley,* No. CIV 90–4165, slip op. at 2–3 (D.S.D. Nov. 13, 1990), *citing United States ex rel. Weismiller v. Lane,* 815 F.2d 1106, 1109–11 (7th Cir.1987). The district court also held that the instructions first required the jury to find the State proved Baker's guilt beyond a reasonable doubt and thus did not relieve the State of its burden of proof. Slip op. at 4. The district court also held the jury instructions were proper because Baker could be required to prove insanity by clear and convincing evidence. *Id.* at 4–5, *citing United States v. Amos,* 803 F.2d 419, 421 (8th Cir.1986) (holding that federal defendants constitutionally may be required to prove insanity by clear and convincing evidence under a provision of the Insanity Defense Reform Act, now codified at 18 U.S.C. § 17(b)). In a footnote the district court rejected Baker's contention that the burden of proof for insanity remains on the State. Slip op. at 5 n. 1.

Baker filed a timely notice of appeal, and the district court, nunc pro tunc, denied a certificate of probable cause. This court granted a certificate of probable cause and appointed counsel to represent Baker on appeal.

Counsel now concedes that the GBMI statute does not violate Baker's due process, equal protection, and Eighth Amendment rights. The only issue for our review is whether the district court correctly held that the jury instructions properly placed the burden on Baker to prove his insanity by clear and convincing evidence. Counsel argues that, at the time of Baker's offense, state law did not place the burden on the defendant. Counsel criticizes the South Dakota Supreme Court's reasoning to the contrary and essentially suggests that we should overturn that court's decision. The State has filed a brief and argues the GBMI statute is constitutional and the jury instructions properly placed the burden of proof as to insanity on Baker.

■ We may consider the merits of the jury instruction issue because the South Dakota Supreme Court reviewed the instructions for plain error despite Baker's failure to object to them at trial. *See Williamson v. Jones,* 936 F.2d 1000, 1004 (8th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 901, 116 L.Ed.2d 802 (1992). Nonetheless, "federal habeas relief from a state conviction is not available because of improper jury instructions unless the error constitutes a fundamental defect that resulted in a complete miscarriage of justice or so infected the entire trial as to deprive the defendant of a fair trial." *Berrisford v. Wood,* 826 F.2d 747, 752 (8th Cir.1987) (cited cases omitted), *cert. denied,* 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). Moreover, "[a] state court's interpretation of state law is binding upon a federal court in a habeas proceeding." *Williamson v. Jones,* 936 F.2d at 1004.

■ The South Dakota Supreme Court's interpretation of the GBMI, insanity, and instruction statutes and its conclusion that the instructions were proper is thus binding on the federal courts. We have no power or reason to overturn the South Dakota Supreme Court's decision. Because there does not exist a fundamental defect resulting in a complete miscarriage of justice that would warrant habeas relief, we conclude the district court properly dismissed the petition with prejudice. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Accordingly, we affirm the judgment of the district court.