994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry SCHNECKLOTH, Appellant,
v.
John J. DAHM, Warden, Lincoln Correctional Center, Appellee.
 No. 92-3572.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 1, 1993.
Filed: June 8, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Schneckloth, a Nebraska inmate, appeals from the final judgment entered in the United States District Court[1] for the District of Nebraska, denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For reversal, Schneckloth argues that he received ineffective assistance of appellate counsel and that he was denied due process because all of the statutory elements of the kidnapping charge were neither alleged nor proven. For the reasons discussed below, we affirm.
 
 
 2
 Schneckloth, John L. Koger, and Noel J. Heathman were charged with kidnapping, in violation of Neb. Rev. Stat. § 28-313(1) (Reissue 1979); first degree sexual assault, in violation of Neb. Rev. Stat. § 28-319(1) (Reissue 1979); and using a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1979). Over Schneckloth's objections, the three defendants were tried jointly before a jury. At trial, Koger and Heathman were represented by the same retained counsel; Schneckloth had separate appointed counsel.
 
 
 3
 The victim testified that she was working as a cashier at a 7-Eleven store, when, at approximately 3:00 a.m., Heathman approached her, held a gun to her head, and ordered her into the back seat of a station wagon. She identified Koger and Schneckloth as the two other men seated in the front seats. During the next two hours, while they drove to several locations, each of the three men sexually assaulted her at gunpoint. The men changed places in the car several times. They were apprehended by police officers while the victim was still in the car. On cross-examination, the victim admitted that she could not identify Schneckloth at the preliminary hearing. The arresting officers testified that they found a gun in the back seat.
 
 
 4
 Koger testified that he had used the gun for target practice that day, but that he did not use it that night. Koger stated that when he stopped at the 7-Eleven to purchase some gas, Schneckloth was in the back seat. According to Koger, as they prepared to drive away, the victim voluntarily entered the car and consented to sexual intercourse, but Schneckloth did not have sexual intercourse with her. Heathman testified that he did not brandish a weapon and that he did not intimidate the victim. He also stated that Schneckloth did not have sexual relations with the victim. Schneckloth did not testify.
 
 
 5
 The State called a rebuttal witness to testify that, at approximately 2:45 a.m., three men in a black station wagon had followed her car, pulled alongside her, swerved toward her, and later blocked her exit out of an alley. The rebuttal witness testified that the man sitting in the back seat waved a gun at her out of the window. Schneckloth objected to this testimony on the ground that no rebuttal testimony was permitted against him because he did not testify. The state trial judge denied Schneckloth's motion for severance, but he instructed the jury that the rebuttal evidence was admissible only against Koger and Heathman. The state judge denied the defendants' motions for a mistrial.
 
 
 6
 The jury returned guilty verdicts on all counts against all three defendants. At sentencing, the state trial court found that, because the victim was not voluntarily released, the kidnapping conviction was a Class IA felony under § 28-313(1), which mandated a sentence of life imprisonment. The state court sentenced each defendant to life imprisonment for kidnapping, a concurrent term of eight to ten years imprisonment for first-degree sexual assault, and a term of three to five years imprisonment for use of a firearm, to run consecutively to the sexual assault sentence, but concurrently with the kidnapping sentence. The state trial court denied Schneckloth's motion for a new trial.
 
 
 7
 On direct appeal, the cases were consolidated and all three defendants were represented by the same public defender. The only issue raised on appeal was that § 28-313 defined two separate offenses, rather than one offense with two separate penalty provisions, and that the State failed to allege essential statutory elements required for the imposition of the higher penalty. Thus, their argument on appeal was that the defendants' receipt of the higher penalty violated their due process rights. The Supreme Court of Nebraska affirmed the convictions and sentences, finding that the statutory elements of kidnapping were properly alleged and that the provisions in subsection (3) were mitigating factors for penalty purposes, not elements of the crime. State v. Schneckloth, 210 Neb. 144, 313 N.W.2d 438 (Neb. 1981).
 
 
 8
 Schneckloth filed for postconviction relief in state court. He argued that he received ineffective assistance when his appointed appellate counsel stipulated that his appeal could be consolidated with his codefendants' appeals and refused to assign as error the denial of the motion to sever and the admission of the prejudicial rebuttal evidence. The state trial court denied the motion without a hearing, and the Supreme Court of Nebraska affirmed. State v. Schneckloth, 235 Neb. 853, 458 N.W.2d 185 (Neb. 1990) (per curiam).
 
 
 9
 In an amended § 2254 petition, Schneckloth reasserted the claims he presented in his state proceedings. The district court adopted the magistrate judge's recommendation and denied the petition. On appeal Schneckloth reiterates his due process and Sixth Amendment arguments.
 
 
 10
 In a habeas corpus proceeding, we are bound by the state court's interpretation of state law. Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991), cert. denied, 112 S. Ct. 901 (1992). Thus, as the state court ruled, § 28-313(1) defines one crime, and the provisions of subsection (3) only contain the mitigating circumstances which may reduce the penalty. Schneckloth, 313 N.W.2d at 446. Schneckloth's due process rights were not violated by placing on him the burden of proving mitigating circumstances. See Walton v. Arizona, 497 U.S. 639, 650 (1990). Likewise, the Supreme Court has rejected the argument that the Constitution requires a jury to make factual findings relating to the imposition of a sentence. Id. at 647. We agree with the district court that the State met its burden of alleging and proving all of the elements in § 28-313, and that Schneckloth's due process rights were not violated by requiring him to prove his entitlement to the lesser penalty because of the existence of the mitigating factors in subsection (3).
 
 
 11
 We also agree with the district court that Schneckloth did not establish his appellate counsel had an actual conflict of interest in representing all three defendants on appeal. " 'An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other.' " Dokes v. Lockhart, No. 92-2350 (1993 WL 145283), slip op. at 4 (8th Cir. May 10, 1993) (quoted cases omitted). Schneckloth's argument that his appellate counsel failed to appeal the denial of the motion for severance, based on the rebuttal testimony, was not antagonistic to the other defendants' appeals, which only raised the kidnapping statute challenge.
 
 
 12
 As for his second argument that appellate counsel was ineffective, Schneckloth cannot prove prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Thus, the failure to raise the issue on appeal would not constitute ineffective assistance of counsel.
 
 
 13
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska