IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. CLAIBORNE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ROBERT E. CLAIBORNE, APPELLANT.

Filed December 11, 2018.    No. A-18-008.

Appeal from the District Court for Douglas County: W. RUSSELL BOWIE III, Judge. Affirmed.

Mallory N. Hughes, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

### INTRODUCTION

Robert E. Claiborne pled guilty to and was convicted of one count of resisting arrest (second offense) in the Douglas County District Court. He was sentenced to 3 years' imprisonment and 9 months' postrelease supervision. Claiborne appeals his sentence and claims he received ineffective assistance of trial counsel. We affirm.

### BACKGROUND

The State filed an information charging Claiborne with one count of resisting arrest as a second offense, a Class IIIA felony, based on Claiborne's alleged actions on or about August 25, 2017. The information indicated that Claiborne was previously convicted of resisting arrest in March.

- 1 -

Claiborne initially pled not guilty to the charged offense, but Claiborne's trial counsel subsequently informed the district court of Claiborne's intent to withdraw his initial plea and plead guilty to the count as charged. Claiborne's trial counsel added, "We will be stipulating that this is a second [offense for resisting arrest]." Claiborne entered a plea of guilty to the charge of resisting arrest, which the district court accepted having found that the plea was made freely, knowingly, intelligently, and voluntarily, and that it was supported by a factual basis. The State's factual basis, to which Claiborne's trial counsel stipulated, was as follows:

[O]n August 25 of 2017, officers with the Douglas County Sheriff's Department were out looking for [Claiborne], who had a felony warrant. The officer being familiar with [Claiborne] observed him to walk into a convenience store at [address] here in Douglas County.

He then made contact with [Claiborne], who then ran from that location. A foot pursuit ensued. [Claiborne] ran into a wooded area. A K-9 had to be called. He was then apprehended after the K-9 was deployed. He resisted officers several times and them trying to cuff him prior to then taking off, and then was combative once he was apprehended by the K-9. Those events all occurred in Omaha, Douglas County.

He does have the prior conviction just from March 16 of 2017, making this a second offense.

The district court found Claiborne guilty of resisting arrest, second offense. On November 29, 2017, the court entered an order sentencing Claiborne to 3 years' imprisonment (with credit for 97 days served) and 9 months' postrelease supervision. Claiborne appeals.

ASSIGNMENTS OF ERROR

Claiborne claims (1) the district court abused its discretion by imposing an excessive sentence and (2) he received ineffective assistance of trial counsel.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Filholm, supra*.

ANALYSIS

EXCESSIVE SENTENCE

Claiborne claims his sentence is excessive. He was convicted of resisting arrest as a second offense, a Class IIIA felony. See Neb. Rev. Stat. § 28-904 (Reissue 2016). A Class IIIA felony is

punishable by up to 3 years' imprisonment and 18 months' postrelease supervision, a $10,000 fine, or both; a minimum of 9 months' postrelease supervision is required if imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Supp. 2017). The district court sentenced Claiborne to serve a term of 3 years' imprisonment and 9 months' postrelease supervision; he was given credit for 97 days of time served. We will not disturb Claiborne's sentence given that it was within the statutory limits, unless we find that the district court abused its discretion. See *State v. Dill, supra*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Trice*, 292 Neb. 482, 874 N.W.2d 286 (2016). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

With those legal principles in mind, we address Claiborne's sentence. Claiborne was 50 years old at the time of sentencing. The presentence investigation report (PSR) shows that Claiborne's highest education level completed was ninth grade and Claiborne wishes to pursue his "GED." Claiborne's longest and most recent job of 3½ years was at a convenience store; he believed he could get the job back if he was given probation. Claiborne did not have any other significant employment history other than working 1 year at a fast food restaurant prior to being laid off and 2½ years as a dietary aide at a hospital.

Claiborne's fiance, with whom he planned to live upon his release, was reported as having no criminal record or substance abuse problems. He and his fiance have an 8-year-old daughter together. Claiborne also has a 6-year-old daughter from a different relationship, as well as a 10- or 11-year-old son with whom he had not spoken in a very long time (the son resides in Mississippi). Claiborne saw his daughters regularly.

Claiborne's prior criminal history was noted in the PSR as "significant" due to the number of convictions accrued over a lengthy amount of time (his first offense occurred when he was age 27), the number of times he had been sentenced to prison, and the fact that he had never successfully completed any terms of supervision. His prior convictions include: burglary--two counts, grand larceny, and larceny (12 years' prison each count); disturbing the peace; theft by unlawful taking (3 times); shoplifting (12 times); shoplifting by fraud (1 time); failure to appear (5 times); destruction of property; possession of drug paraphernalia; trespassing (4 times); theft by receiving stolen property (2 times); possession of a controlled substance (2 times); possession of marijuana of less than an ounce; obstructing the administration of the law; resisting arrest (4 times--not including the conviction in the instant case); littering; domestic violence assault in the third degree; false information (2 times); and felony criminal impersonation. For many of these convictions, Claiborne was sentenced anywhere from 30 days to 9 months in jail, and there were five instances in which he was sentenced to 1 year in prison.

According to the PSR, Claiborne had a term of probation revoked for theft by shoplifting in 2013. Further, his term of postrelease supervision for resisting arrest in 2017 was terminated unsatisfactorily; "[Claiborne] was actually on the run and absconding from his post-release

supervision when located and charged with this new offense of Resisting Arrest." Claiborne scored 26 on the level of service/case management inventory, indicating that Claiborne is a high risk for rearrest. Claiborne was not considered an appropriate candidate for supervision due to a "substantial" risk that Claiborne would engage in additional criminal conduct, given his prior criminal history, history on supervision, and circumstances of the present offense.

At the sentencing hearing, trial counsel acknowledged that Claiborne "has a drug and alcohol problem that has not been resolved[,]" and counsel indicated he had obtained admission for Claiborne "into the Siena/Francis House," which would be an inpatient opportunity for him. However, counsel stated the State was "not willing to agree to a change in his bond." Counsel also pointed out that Claiborne has children, he took the initiative to get a job, and he has been attending Bible correspondence courses and relationship classes. Trial counsel stated, "[Claiborne] is very incredibly sorry about the incident. He did not want a trial. He did not want to fight any of this. He knew exactly what he did when he sat down with me the first time." Trial counsel asked that any incarceration consist of the 97 days for which Claiborne could be credited. Claiborne personally told the court, "I really do apologize. I got to make a change. I got a job sitting there waiting on me when I get out." Claiborne added, "I would hope that you would find it in your heart to give me another chance."

The State pointed out that the PSR showed a high level of risk for rearrest and that this was Claiborne's "third resisting arrest" while on postrelease supervision, and that Claiborne had "absconded from probation." The State asked for a term of incarceration.

The district court noted that it had considered the sentencing factors and the fact that probation was not recommended in this case. The court proceeded to sentence Claiborne as previously noted.

On appeal, Claiborne argues his sentence is excessive given the "favorable evidence of [his] change in attitude and his attempts at rehabilitation while incarcerated." Brief for appellant at 8. He directs us to the points made at the sentencing hearing. Claiborne emphasizes the apology he made at the sentencing hearing, and says he "indicated his desire to turn his life around and continue to be gainfully employed." *Id.* He complains that the district court's imposition of the "maximum jail sentence allowable under the law" is contrary to the evidence that he was "remorseful and determined to be compliant with all terms of supervision." *Id.*

Claiborne has a significant criminal history and has failed to take advantage of opportunities in the past to put himself on a better path. While it is true that Claiborne's sentence was the maximum allowable (although he could have been sentenced to up to 18 months' postrelease supervision), and while it may also be true that Claiborne intends to genuinely seek help for his drug and alcohol problems, which is commendable, we cannot say the district court abused its discretion when sentencing Claiborne based on the record before us.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Claiborne claims that he received ineffective assistance of counsel in three ways, specifically that trial counsel (1) failed to properly advise Claiborne of the likelihood of jail time, (2) failed to negotiate a favorable plea deal, and (3) stipulated to Claiborne's prior conviction, thereby making his conviction a second offense. Claiborne argues that had he been aware of those

alleged deficiencies, he would not have agreed to plead guilty but would have insisted on proceeding to trial.

For this direct appeal, Claiborne is represented by different counsel than his trial counsel. Our record reflects that trial counsel's motion to withdraw was sustained by this court in June 2018, and trial counsel does not appear on Claiborne's appellate brief. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). Otherwise, the issue will be procedurally barred. *Id.*

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* We conclude the record is sufficient to address all of Claiborne's claims of ineffective assistance of trial counsel.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ash*, *supra*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018). The prejudice requirement in a plea context is satisfied if the defendant shows a "reasonable probability" that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *State v. Duncan*, 293 Neb. 359, 878 N.W.2d 363 (2016). Deficient performance and prejudice can be addressed in either order. *Id.* If it is more appropriate to dispose of an ineffectiveness claim due to lack of sufficient prejudice, that course should be followed. *Id.*

As to Claiborne's allegation that his trial counsel failed to advise him of the likelihood of a sentence of imprisonment upon entering a guilty plea, Claiborne argues that he "pleaded guilty because he was under the impression that he would receive a sentence of time served and be released." Brief for appellant at 9. However, the prejudice requirement in a plea context is satisfied only if Claiborne can show a "reasonable probability" that but for the alleged error of his trial counsel, he would have insisted on going to trial rather than pleading guilty. The record shows that any "impression" Claiborne may have had with regard to sentencing should have been dispelled at the plea hearing. The district court specifically asked Claiborne, "Do you understand the maximum penalty for this charge is three years imprisonment and 18 months of post-release supervision or a $10,000 fine or both?" Claiborne responded affirmatively. When asked if any promises had been made to get him to plead guilty, Claiborne responded, "No, sir." And when the district court asked Claiborne if there was anything he did not understand that the court had talked to him about, Claiborne again responded, "No, sir." Claiborne cannot show prejudice given his responses made directly to the district court; this claim of ineffective assistance of counsel fails.

Claiborne also claims that his trial counsel was deficient in failing to negotiate a favorable plea deal, and he argues that "the State did not make any concession at sentencing by either

standing silent or agreeing to recommend time served. Accordingly, it does not appear that Claiborne received any sort of benefit of the plea bargain." Brief for appellant at 10. That a plea agreement existed between the parties is not reflected in the record. As the State points out, Claiborne does not allege that he instructed trial counsel to seek a plea deal or that he was under the impression there was a plea agreement when there was not. Claiborne cannot prevail on an ineffective assistance claim on this allegation given his inability to support it with sufficient facts or evidence to prove that his trial counsel's performance was deficient or prejudicial. See, *State v. Ash, supra*; *State v. Lytle*, 224 Neb. 486, 398 N.W.2d 705 (1987) (in claiming ineffective assistance of counsel because counsel failed to obtain plea concession, defendant must allege facts which, if true, would establish that such plea negotiation was reasonably possible).

Finally, Claiborne claims his trial counsel was ineffective for stipulating to his prior conviction rather than holding the State to its burden of proving such conviction. He argues that he suffered prejudice because the stipulation "transformed the charge from a Class I Misdemeanor into a Class IIIA Felony, thereby exposing [him] to significantly more jail time." Brief for appellant at 10. As mentioned previously, at the plea hearing, Claiborne's trial counsel informed the district court of Claiborne's intent to withdraw his initial plea and enter a guilty plea to the count as charged, and his trial counsel stated, "We will be stipulating that this is a second [offense for resisting arrest]." During the course of the plea hearing, the district court addressed Claiborne directly, informing him of what the State would have to prove by evidence beyond a reasonable doubt with regard to the resisting arrest charge, and further indicated that "the State alleges you have one prior resisting arrest on March 16, 2017." The court immediately thereafter asked, "Do you understand that's what the State would have to prove." Claiborne responded, "Yes, sir." After further advisements by the court, the court asked for the factual basis, wherein the State pointed out Claiborne's prior conviction, "making this a second offense." Claiborne's trial counsel stipulated to the factual basis. The district court then asked Claiborne, "[D]o you agree if this case went to trial, the State would offer that evidence [of the State's factual basis] against you?" Claiborne responded, "Yes, sir."

Claiborne had an opportunity to disagree with his trial counsel's statement at the beginning of the plea hearing that he would be stipulating to the prior conviction of resisting arrest. Claiborne had another opportunity to challenge the prior conviction when the district court informed him of the State's burden of proof, and specifically referenced the prior resisting arrest charge. Finally, Claiborne had yet another opportunity to disagree with his trial counsel's stipulation to the State's factual basis, which included a reference to the prior conviction "making this a second offense." Claiborne agreed to enter his plea despite several opportunities to challenge the stipulation regarding the prior conviction. Given this record, Claiborne cannot show a "reasonable probability" that but for the alleged error of trial counsel, he would have insisted on going to trial rather than pleading guilty. We find no merit to this allegation of ineffective assistance of trial counsel.

CONCLUSION

For the reasons stated above, we affirm Claiborne's conviction and sentence.

AFFIRMED.